IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK SHIPMAN | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-00715 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on April 28, 2008, claiming entitlement to disability benefits due to fusion of his neck, nerve damage from a broken back, inability to stand on his right leg due to a hip replacement, and vision loss from glaucoma. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Texas on February 1, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Tammie Donaldson, testified.

On February 24, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on September 21, 2011. Therefore, the February 24, 2011 decision of the ALJ became the final decision of the

1

Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since April 5, 2007, the alleged onset date (20 C.F.R. 404.1571 *et seq.*).

3. The claimant has the following severe impairments: Status post hip replacement, disorders of the back, and pulmonary disorders [20 C.F.R. 404.1520(c)].

4. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [20 C.F.R. 404.1520(d), 404.1525 and 404.1526].

5. I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), [lift and/or carry 20 pounds occasionally and 10 pounds frequently]. He can stand and/or walk for about 2 hour in an 8-hour workday, but sit for about 6 hours in an 8-hour workday. He is not limited in pushing an/or pulling, including the operation of hand and/or foot controls with his upper and lower extremities. He can frequently balance, occasionally stoop, kneel, crouch, crawl, and climb stair and ramps, but not ladders, ropes, or scaffolds. He should avoid concentrated exposure to fumes, odors, gases, dusts, and poor ventilation. He has no manipulative, visual, or communicative, limitations.

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565).

7. The claimant was born on April 19, 1966 and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. 404.1563), and 43 years of age at the time of the hearing.

8. The claimant has at least a high school education plus one year of college, and is able to communicate in English (20 C.F.R. 404.1564).

> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform [20 C.F.R. 404.1568 and 404.1569(a)].
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, from April 5, 2007, through the date of this decision [C.F.R. 404.1520(g)]

(TR 20-27).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of

a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to

the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the **Fifth** step.

## ANALYSIS

Plaintiff's first point of error is that the ALJ did not give proper credit to his treating physician's opinions as to his upper extremity limitations. Plaintiff contends that the ALJ's RFC does not match up to the limitations given by his doctor, Dr. Fisher (Ex. 24F). "[O]rdinarily, the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994) (quoting *Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir.1985)). But the treating physician's opinions are not conclusive. *Id.* "[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Id.* Recognized "good cause" exceptions include "disregarding statements that are brief and conclusory, *not supported by medically acceptable clinical laboratory diagnostic techniques,* or otherwise unsupported by the evidence." *Id.* (citing *Scott,* 770 F.2d at 485) (emphasis added).

The ALJ discussed and considered the medical evidence before him. For instance, Dr. Matus did an EMG on Plaintiff. One of his conclusions was that there was no electrical evidence to suggest an acute ongoing radiculopathy, plexopathy, other entrapment neuropathy, or peripheral neuropathy involving both upper limbs (Ex. 22F). The ALJ gave his reasons for not accepting the conclusions of Dr. Fisher.

He notes that such conclusions are not supported by the medical record. The ALJ notes that Dr. Fisher's conclusory form does not state the objective or sufficiently explanatory bases or facts

5

that support her opinions/conclusions. He states that such failure detracts from the probative value to be given. He notes that there is a paucity of treatment notes and other diagnostic evidence to support her conclusions. In fact, even Dr. Fisher in her notes noted good upper arm strength in both extremities (Ex. 26F).

The ALJ further cites SSR 96-p and Regulation 404.1529 in arriving at his conclusion that Plaintiff's allegations as to the severity of his impairment(s) are not supported by the objective medical evidence.

The ALJ also cited to two independent state agency medical consultants in his analysis. The ALJ may properly rely on the opinions of a state medical consultant provided it is a function by function assessment, and is not conclusory. *See Onishea v. Barnhart*, 116 Fed. Appx.1 (5th Cir. 2004).[1]

A review of Plaintiff's records indicate that he was doing well after his cervical surgery. (TR 472). In March 2010, Dr. Fisher's assessment of his upper extremity strength was 4/5 and 5/5 for the right hand. His gait was normal (TR 605). This was in line with other assessments by Dr. Fisher. (TR 608; TR 611; normal range of motion for C spine (TR 614); TR 617; patient states he is doing well (TR 619); though he complains of increased pain in left arm when he raises it the strength noted is the same as previous visits (TR 623)). A review of Dr. Fisher's remaining records reveal nothing out of the ordinary from her previous assessments.

Moreover, the records submitted after the hearing do not advance Plaintiff's case. The records are devoid of any problem with sitting, standing, ambulating, pushing or pulling. No problems are noted with lifting weight. No problems in the records indicate cervical ROM

---

[1]Fifth Circuit Local Rule 47.5.4 provides that, though not precedential, unpublished opinions may be cited.

limitations. There are no records of swelling, although the form indicates otherwise. Plaintiff's first point of error is overruled.

Plaintiff's second point of error is similar to his first. Plaintiff argues that the ALJ erred in rejecting Dr. Fisher in favor of the state examiners which resulted in a RFC at step 5 not supported by the substantial evidence in the record. The ALJ has the duty to determine Plaintiff's RFC, however the ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). In this case, the ALJ discussed the evidence in the record in making his RFC determination, adequately explained the reasoning for his RFC determination, and exercised his responsibility as fact finder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse v. Sullivan,* 925 F.2d 785, 790 (5th Cir.1991). Because there is substantial evidence in the record that supports the ALJ's RFC assessment, the Court concludes that the ALJ did not err by failing to include any limitations into the RFC determination.

Consequently, the Commissioner's decision should be affirmed in this regard. The ALJ specifically stated that he paid special attention to the claimant's allegations of pain. He looked at the overt symptomatology typical of disabling pain as well as the medication taken by Plaintiff. He gave his reasons for discounting Plaintiff's level of pain. He also gave his reasons for not accepting the form submitted by Dr. Fisher (TR 25). The ALJ gave greater weight to the State Agency's medical expert, noting that the opinions were consistent with, and supported by, the preponderance of medical and the other evidence of record, especially evidence of medically acceptable clinical and diagnostic techniques. Plaintiff's second point of error is overruled.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

**SIGNED this 18th day of March, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE